UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEWAYNE R. BOYD,**

      **Plaintiff,**

                                       Civil No: 2:06-CV-12224
                                       HONORABLE PAUL D. BORMAN
**v.**                                      UNITED STATES DISTRICT COURT

**LYNN HELLAND, et. al.,**

      **Defendants.**
_____/

### OPINION & ORDER OF SUMMARY DISMISSAL

### I. Introduction

DeWayne R. Boyd, ("Plaintiff"), presently confined at the Wayne County Jail, in Detroit, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff asserts that he is the victim of an indictment conspiracy in violation of his "civil, constitutional and basic human rights under the color of law and authority, with the intent to perpetrate a fraud upon the court in a selective prosecution." *(Complaint, Statement of Facts, pg. 9).* Plaintiff further claims that he was wrongfully terminated from his "employment with the U.S. House of Representatives due to the third party interference by government agents." *Id.* at 12. Plaintiff requests monetary damages in the amount of twelve million ($ 12,000,000.00) dollars. Plaintiff further requests that his conviction be vacated. For the reasons stated below, the complaint is DISMISSED WITHOUT PREJUDICE.

### II. Statement of Facts

1

Plaintiff was indicted on April 27, 2004 on five counts of mail fraud, one count of theft of government property, one count of false declarations before the court, one count of bankruptcy fraud, and one count of making a false statement. *United States of America v. DeWayne Boyd,* U.S.D.C. No. 04-80391 (E.D. Mich., May 18, 2004). On December 15, 2004, plaintiff was convicted of all five counts before the court. Plaintiff had been released on bond and was required to appear for sentencing on April 12, 2005. Plaintiff failed to appear. Accordingly, plaintiff's bond was revoked and a warrant was issued for his arrest. Plaintiff was ultimately apprehended and was indicted on January 17, 2006 for failing to appear for sentencing. *United States of America v. DeWayne Boyd,* U.S.D.C. No. 06-20030 (E.D. Mich., January 17, 2006). Plaintiff was convicted of this offense following a jury trial on May 31, 2006. Plaintiff is presently being detained in the Wayne County Jail awaiting sentencing on both convictions, which is scheduled for September 26, 2004 before Judge Robert H. Cleland. [1]

### III.  Standard of Review

The Court initially notes that plaintiff's § 1983 lawsuit names nine federal officials and one private individual whom plaintiff alleges conspired with these federal officials to violated his constitutional rights. 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997). However, a plaintiff

---

[1] This Court obtained this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See Sullivan v. United States,* 90 Fed. Appx. 862, 863 (6th Cir. 2004). Likewise, plaintiff's allegation that a private party conspired with federal officials to violate his constitutional rights should also be construed as a *Bivens* action. *See Hoffart v. U.S. Government, Solicitor General Washington, DC,* 24 Fed. Appx. 659, 664-65 (9th Cir. 2001).

      Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by

federal inmates. *See e.g. Plunk v. Givens,* 234 F. 3d 1128, 1129 (10th Cir. 2000); *See also Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

## IV. Discussion

Plaintiff's civil rights action is subject to dismissal for several reasons.

First, to the extent that plaintiff is seeking to have his federal criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. A claim brought under § 1983 and/or Bivens is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *Diaz,* 351 F. Supp. 2d at 682 (citing *Preisier v. Rodriguez,* 411 U.S. 475, 499 (1973)). However, a challenge to the validity of a prisoner's continued confinement is not properly brought under *Bivens. Id.* "[T]he proper remedies for a challenge to a federal conviction and sentence are a direct appeal or a motion under 28 U.S.C. § 2255 in the sentencing court." *Agunbiade v. U.S. Drug Enforcement Admin.*, No. 1995 WL 871138, * 1 (E.D. Mich. Feb 22, 1995); *Cf. Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995)(a civil rights lawsuit brought under Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus).

Secondly, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or

sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rationale behind *Heck* has been applied to *Bivens* actions brought against federal defendants. *See Lanier v. Bryant,* 332 F. 3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F. 3d 905, 906-07 (6th Cir. 1998). Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *Lanier,* 332 F. 3d at 1005-06.

      When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

      The pending civil rights complaint also fails to state a claim upon which relief can

5

be granted because Plaintiff has not specified any grounds for relief. The complaint contains a statement of facts, and in one sentence, plaintiff sets forth a very generalized statement of being deprived of his "civil, constitutional and basic human rights;" and government officials being the cause of the constitutional deprivation. Although the Court is required to liberally construe the complaint of a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be." *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D .Tex.1990). In this regard, plaintiff's complaint fails to state a claim upon which relief can be granted.

## V.  Conclusion

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1-1, filed May 15, 2006]** is summarily **DISMISSED WITHOUT PREJUDICE.**

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

**Dated:  September 22, 2006**

### CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 22, 2006.**

        s/Denise Goodine

        **Case Manager**